UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

PRISCILLA YOUNG,
Individually and a/n/f of
A.Y., P.Y., and M.Y.

      Plaintiffs,                      No.  SA: 19-CV-00270

v.

JIMMIE LEE JOHNSON and
KLLM TRANSPORT SERVICES, LLC

      Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant KLLM Transport Services's (KLLM) Motion for Partial Summary Judgment. *ECF No. 52*. Upon consideration of the motion and response, the Court concludes the motion for partial summary judgment shall be **DENIED**.

### Factual Background

This case arises out of a motor vehicle accident. Plaintiffs (hereinafter "the Youngs") allege Defendant Jimmie Lee Johnson (Johnson) was driving a tractor-trailer owned by KLLM when he made an unsafe lane change that caused the Youngs' vehicle to leave the roadway and crash into cable barriers. *ECF No. 21 (First Amended Complaint)*. Johnson failed to stop and render aid. *Id*. When stopped later down the roadway, Johnson was subsequently arrested and charged with possession of marijuana. *Id*.

The Youngs filed this action asserting causes of action against KLLM for negligence and gross negligence through the respondeat superior theory and negligent entrustment, and

negligent hiring, training, supervision and retention. *Id*. KLLM now files a motion for partial summary judgment on the gross negligence cause of action, only. *ECF No. 52*.

## Legal Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp.*, 477 U.S. at 323. To meet its initial burden, the moving party must either: (1) present evidence that negates the existence of some material element of the nonmoving party's claim; or (2) point out the nonmoving party lacks sufficient evidence to prove an essential element of its claim. *Id.*; *McKee v. CBF Corp.*, 299 F. App'x 426, 428 (5th Cir. 2008). To do so, the moving party must identify the portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982).

When a party moves for summary judgment on claims on which the opposing parties will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovants' claims. *Armas v. St. Augustine Old Roman Catholic Church*, No. 3:17-CV-2383-D, 2019 WL 2929616, at *2 (N.D. Tex. July 8, 2019); *see also Austin v. Kroger Texas, L.P.*, 864 F. 3d 326, 335 (5th Cir. 2017). If the movant carries that initial burden, the burden

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

shifts to the nonmovant to identify specific facts or present competent summary judgment evidence showing the existence of a genuine fact dispute. *Matsushita Elec. Indus. Co.*, *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *see also* Fed.R.Civ.P. 56(c).

Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn v. Carabin & Shaw, P.C.,* 832 F.3d 224, 234 (5th Cir. 2016). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue [dispute] of *material* fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Furthermore, the courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *see also Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

## **Analysis**

KLLM argues it is entitled to partial summary judgment on the gross negligence cause of action, only[2], because the Youngs can produce no evidence of this claim. Specifically, KLLM asserts "[t]here is no evidence that 1) when viewed objectively from KLLM's standpoint at the time of the event, the acts or omissions alleged by Plaintiffs on the part of KLLM involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and 2) that KLLM had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others." *ECF No. 52, p. 5.*

---

[2] On p. 1 of the motion KLLM states it seeks summary judgment on the negligence cause of action. However, the body of the motion and arguments limit the motion for partial summary judgment to the gross negligence cause of action, only.

The Youngs respond KLLM fails to meet its summary judgment burden under Federal Rule 56 because it does not direct this Court to any relevant pleadings or discovery to demonstrate any absence of a dispute or inability to prove the essential elements of gross negligence. *ECF No. 54, pp. 3-5*.

"While federal law clearly contemplates summary judgment in circumstances where there is truly no evidence of an essential element ... the party moving for summary judgment must make some showing that evidence on an essential point is wholly lacking." *Bank of Am., N.A. v. Fulcrum Enterprises, LLC*, 20 F. Supp. 3d 594, 602 (S.D. Tex. 2014) (quoting *In re Hydro-Action, Inc.*, 341 B.R. 186, 193 (Bankr. E.D. Tex. 2006)). "[A] mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden." *Ashe v. Corley*, 992 F.2d 540, 544 (5th Cir. 1993). Under federal law, the party moving for summary judgment must point to relevant excerpts from pleadings, discovery or affidavits that demonstrate the absence of genuine factual issues. *Celotex Corp.,* 477 U.S. at 323; *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir. 1992). While the moving party is not required to produce evidence, it must at least identify portions of the record that demonstrate an absence of evidence. Thereby, the movant must do more than merely list the elements of the claim and state there is no evidence to support the elements. *Seastrunk v. Darwell Integrated Tech., Inc.*, CIV. A. 205CV0531-BF, 2008 WL 190316, at *3 (N.D. Tex. Jan. 22, 2008). If a moving party fails to meet its burden under Federal Rule 56, "the motion must be denied, regardless of the non-movant's response." *See Tubacex. Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

KLLM's argument for a "no-evidence" summary judgment on the Youngs' gross negligence cause of action clearly contemplates the Texas state-law standard for a no-evidence motion for summary judgment. In its motion, KLLM lists the elements of a gross negligence claim and then states the Youngs can produce no evidence of these essential

4

elements. *ECF No. 52, pp. 4-5*. KLLM includes no citation to attached evidence or to the record to support its general assertion but provides only general reference to the Notice of Removal and the First Amended Complaint and then "refers the Court to the filed discovery materials in this matter."

Because KLLM makes only a conclusory statement that the Youngs have no evidence of essential elements, without citing the Court to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a genuine factual dispute, it fails to meet its initial burden under Rule 56. *See In re Hydro-Action, Inc.*, 341 B.R. at 193; *Seastrunk*, 2008 WL 190316, at *3. Therefore, KLLM's motion for partial summary judgment on the Youngs' gross negligence cause of action must be DENIED. *See Celotex Corp.*, 477 U.S. at 323.

It is so ORDERED.
SIGNED this 21st day of July, 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE